**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RICHARD B. McNEMAR,**

    Petitioner,

**v.**　　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:13-CV-27
(BAILEY)**

**MARVIN PLUMLEY,**

    Respondent.

## ORDER DENYING MOTION TO HOLD IN ABEYANCE

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the petitioner Richard B. McNemar's Motion for Holding Petition for Writ of Habeas Corpus in Abeyance [Doc. 4].

### II. Procedural History

On July 29, 2008, the petitioner was convicted following a jury trial of one count of sexual abuse by a parent, guardian, custodian, or a person in a position of trust and one count of sexual abuse in the first degree. See **McNemar v. Ballard**, 2012 WL 5990127 (W.Va. Nov. 30, 2012). The petitioner filed motions for a new trial and for judgment of acquittal which were both denied on September 19, 2008. **Id.**

The petitioner filed his first petition for writ of habeas corpus in the Harrison County Circuit Court on August 21, 2009 [Case. No. 09-C-378-3]. The petition was denied on July 1, 2010 and the denial was affirmed by the West Virginia Supreme Court of Appeals on

1

November 30, 2012.  *Id.*

The petitioner filed a second petition for state habeas relief in Harrison County Circuit Court on March 15, 2013, alleging that counsel from his first habeas proceeding was ineffective [Case No. 13-C-87-3].  As of this date, the second petition is pending before the Harrison County Circuit Court.

On April 15, 2013 the petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this Court [Doc. 1].  The petitioner cites as grounds for the writ 1) ineffective assistance of trial counsel; 2) improper admission of involuntary statements to police; 3) insufficient evidence to sustain a conviction; 4) improper comments by the Government during closing arguments and 5) error by the trial court in not allowing the petitioner to testify at trial as to his own childhood sexual abuse experiences.  The petitioner claims that each of the five grounds was raised in his state post-conviction proceedings before both the Circuit Court and West Virginia Supreme Court.

On April 18, 2013, the petitioner filed the instant motion for Holding Petition for Writ of Habeas Corpus in Abeyance [Doc. 4].  In support of his motion, the petitioner states that he "will not have time to exhaust the ineffective assistance claims in State Court proceedings before the one-year time limit expires"  [Doc. 4 at 2].

### III. Discussion

The timeliness of the petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA), effective April 24, 1996.  The statute provides that state prisoners must exhaust available state remedies prior to

filing a Section 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); *see also*, ***McDaniel v. Holland***, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986) ("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies.").

The Supreme Court has held that a federal district court may, under some circumstances, stay a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court. ***Rhines v. Weber***, 544 U.S. 269 (2005). A stay with respect to a mixed petition is only appropriate when the District Court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, the petitioner makes no claims that his petition contains both exhausted and unexhausted claims. The plaintiff states that all of the claims raised in the § 2254 petition were raised by his habeas appeal to the County Court and subsequently the West Virginia Supreme Court of Appeals (Doc. 1). Thus, the petitioner's pending § 2254 petition is not a mixed petition. As a result, the Court has no authority to hold his petition in abeyance while he proceeds with his second state habeas corpus petition. Although this Court may not hold the petition in abeyance, the statute of limitations under AEDPA are tolled while the petitioner's second habeas petition is pending.

The petitioner claims in his petition that "the filing of the successive petition in Harrison County (WV) Circuit Court claiming ineffective assistance of habeas counsel further tolled the one year time limit as contained in the statute of limitations." The

3

petitioner is correct that the filing of the successive petition further tolls the statute of limitations.

The statute of limitations in AEDPA, under § 2244(d)(2), provides that the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . ." **Taylor v. Lee**, 186 F.3d 557, 561 (4th Cir. 1999). **Markley v. Coleman**, 215 W. Va. 729, 733 (2004) permits a second habeas petition to address a claim for ineffective assistance of prior habeas counsel. The Fourth Circuit has held that all proceedings properly filed under W. Va. Code § 53-4A-1, *et seq.*, West Virginia's Post-Conviction Habeas Corpus Rules, are considered "collateral review" for purposes of tolling the one-year limitation. See **Walkowiak v. Haines**, 272 F.3d 234, 238 (4th Cir. 2001). Therefore, the second state habeas proceeding tolls the one-year limitation, if the state proceeding was properly filed.

Although the petitioner's second habeas petition raises grounds not included in his pending federal petition, the second petition, if properly filed, tolls the statute of limitations.

**IV.     Conclusion**

The petitioner's Motion for Holding Petition for Writ of Habeas Corpus in Abeyance **[Doc. 4]** is **DENIED.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 10, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE